**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSEPH FRANCIS COVELLA, JR.,<br>Appellant, | DOCKET NUMBER<br>AT-0752-16-0188-I-1 |
| v. | |
| SOCIAL SECURITY<br>  ADMINISTRATION,<br>Agency. | DATE: September 20, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Durishan, Esquire, Atlanta, Georgia, for the appellant.

Christopher Yarbrough, Esquire, and Joseph P. Polermo, III, Atlanta,
    Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed his involuntary retirement appeal for lack of jurisdiction. Generally,
we grant petitions such as this one only when: the initial decision contains
erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order concerning the basis for the Board's lack of jurisdiction in light of the appellant's arguments on review, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant formerly was employed by the agency as a Claims Representative until he retired effective September 2, 2014. Initial Appeal File (IAF), Tab 1 at 1, 4. On December 2, 2015, he filed a Board appeal alleging that his retirement was involuntary.[2] IAF, Tab 1. On his appeal form he indicated that, in June 2014, he contacted a human resources representative concerning his retirement eligibility and was informed that he would be eligible to retire on September 30, 2014, because he would turn 60 years old that month and he had

---

[2] Prior to this, on September 24, 2015, the appellant filed a Board appeal of a reconsideration decision of the Office of Personnel Management, which found that he had been overpaid $11,389.01 in annuity benefits under the Federal Employees' Retirement System from October 1, 2014, through April 30, 2015. *Covella v. Office of Personnel Management*, MSPB Docket No. AT-0845-16-0001-I-1, Initial Appeal File (0001 IAF), Tab 1, Tab 5 at 6. During the course of that appeal, the appellant raised an allegation that his retirement was involuntary. 0001 IAF, Tab 5 at 12-13, Tab 9 at 1. Consequently, the administrative judge advised him that because an involuntary retirement claim could impact his overpayment appeal, if he chose to file a separate involuntary retirement appeal, she would dismiss the appeal without prejudice to allow his involuntary retirement claim to be adjudicated. 0001 IAF, Tab 10 at 2.

over 20 years of service. *Id*. at 5. The appellant stated that he never would have retired had he known that he did not have 20 years of service, and instead would have worked an additional 2 plus months and retired in December 2014. *Id.* He also contended that he later inquired about whether his military service could be counted towards his retirement and was asked if he wanted to make a deposit for part of his military service, but never received any answers to his questions regarding the amount of the deposit or what effect it would have on his retirement. *Id.* Ultimately, he asserted that "[s]ince so much time had gone by without any retirement funds, I let it go because I couldn't take any more; I just accepted I wouldn't get any additional monies for military service." *Id.*

¶3    The administrative judge issued an order informing the appellant of his burden of establishing Board jurisdiction over his appeal. IAF, Tab 3. The appellant did not respond to the order. The agency moved to dismiss the appeal for lack of jurisdiction contending that the appellant's conclusory and unsupported statements failed to constitute a nonfrivolous allegation of Board jurisdiction. IAF, Tab 7 at 6-7.

¶4    Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). The administrative judge found that the appellant failed to nonfrivolously[3] allege that his retirement was involuntary because his statements indicated that he gave up trying to obtain retirement credit for his military service and instead accepted that he would not receive any additional compensation for military service. ID at 5. The administrative judge further found that the appellant could have chosen to stay in his position rather than retire and there was no evidence that the

---

[3] Whether the administrative judge applied a nonfrivolous or preponderant evidence jurisdictional standard is somewhat unclear. *See* ID at 5 (stating both that the appellant "has failed to make a non-frivolous allegation that his appeal is within the Board's jurisdiction" and also finding that the appellant "failed to prove by preponderant evidence that his retirement was involuntary").

appellant faced time pressure to make a decision concerning his retirement or that the agency demanded that he retire.  ID at 5-6.

¶5    The appellant has filed a petition for review in which he asserts that he did not respond to the jurisdictional order below because neither he nor his attorney received the order and contends that the administrative judge erroneously interpreted his statements on his initial appeal form.  Petition for Review (PFR) File, Tab 1 at 5-8, 13.  He also submits an affidavit reiterating his contentions below that he retired based on misinformation concerning his eligible years of service for retirement.  *Id.* at 11-12.  In particular, he states, "[h]ad I not been misled by the SSA, I would have worked the meager two (2) months more to make myself eligible for full retirement benefits.  However, only because the SSA misled me, I retired two (2) months early."  *Id.* at 11.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

¶6    Because the Board's records reflect that the appellant previously had filed an appeal concerning his removal, effective August 29, 2014, just prior to his retirement on September 2, 2014, the Board issued a show cause order affording the parties an opportunity to submit evidence and argument regarding the effect, if any, of the appellant's prior removal and appeal on the jurisdictional issues in this appeal.  PFR File, Tab 4.  In response, the appellant acknowledged that he had retired in lieu of being removed, but reiterated his argument that his decision to retire was based on misinformation because "in the face of removal, he was led to believe that he had the requisite time in service in order to retire."  PFR File, Tab 10 at 7.  The agency submitted a response arguing that the appellant failed to nonfrivolously allege that his retirement was involuntary because he conceded that he had retired to avoid being removed for cause.  PFR File, Tab 12 at 8-9.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7    An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction.  *Vitale v. Department of*

*Veterans Affairs*, [107 M.S.P.R. 501](#), ¶ 17 (2007). An involuntary retirement is tantamount to a removal, however, and is therefore subject to the Board's jurisdiction. *Id.* To overcome the presumption that a retirement is voluntary, an employee must show that the retirement was the product of agency misinformation, deception, or coercion. *Id.*, ¶ 19. The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Searcy v. Department of Commerce*, [114 M.S.P.R. 281](#), ¶ 12 (2010). To establish involuntariness on the basis of misinformation, an appellant must show that the agency provided misinformation, he reasonably relied on that misinformation, and his reliance was to his detriment. *Paige v. U.S. Postal Service*, [106 M.S.P.R. 299](#), ¶ 9 (2007).

¶8    An appellant is entitled to a hearing on the issue of the Board's jurisdiction over an appeal of an alleged involuntary retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#), 642‑43 (Fed. Cir. 1985). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. [5 C.F.R. § 1201.4](#)(s).

¶9    Having considered the appellant's assertions on review, we find that he has failed to nonfrivolously allege that his retirement was involuntary based on misinformation concerning his years of creditable service. On the date he retired, the appellant did not have 20 years of creditable service under the Federal Employees Retirement System, but rather 19 years, 8 months and 22 days, and, thus, he retired under the minimum retirement age plus 10 years of service annuity calculation. *Covella v. Office of Personnel Management*, MSPB Docket No. AT‑0845‑16‑0001‑I‑1, Initial Appeal File, Tab 5 at 34, 42. As such, the appellant's allegations; namely, that the agency told him that he had 20 years of creditable service and he never would have retired had he known he did not, if

proven, could demonstrate that he reasonably relied on misinformation in deciding to retire.

¶10     However, the appellant concedes that he retired in lieu of being removed from service on August 29, 2014.[4]  PFR File, Tab 10 at 8.  Therefore, he could not, as he contends in his affidavit, simply have continued to work the additional few months until he was eligible for full retirement benefits.  PFR File, Tab 1 at 11.  Thus, we find that he has failed to nonfrivolously allege that he detrimentally relied on agency misinformation in deciding to retire because, had he not retired on September 2, 2014, he would have been removed from Federal service 1 workday earlier on August 29, 2014.  *See Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) (stating that the fact that an employee faces an unpleasant choice of either resigning or facing removal for cause does not render his decision involuntary).  Under such circumstances, he would have been eligible to receive retirement benefits based upon the same number of years of service as he is currently receiving.  *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 8 (2015) (stating that retirement benefits earned over the course of an employee's Federal career generally are available upon separation from Federal service, even when that separation is agency initiated).

¶11     Despite the appellant's sworn statement that, absent the agency's misinformation, he would have continued to work for a few more months until he reached 20 years of service, PFR File, Tab 1 at 11, he also appears to argue that, absent the agency's misinformation, he could have elected to appeal his removal and attempted to negotiate a settlement agreement that allowed him to retire with 20 years of service, PFR File, Tab 10 at 8.  We find that this bare, unsworn, and inconsistent assertion fails to constitute a nonfrivolous allegation that he relied on

---

[4] Although the agency issued a decision to remove the appellant from Federal service effective August 29, 2014, *see* PFR File, Tab 12 at 5, 46-48, when it received the appellant's retirement application, it was accepted effective September 2, 2014, *see id*. at 40.

agency misinformation to his detriment. Notwithstanding his retirement on September 2, 2014, the appellant filed a removal appeal on September 9, 2014, which he later voluntarily withdrew on November 13, 2014. *Covella v. Social Security Administration*, MSPB Docket No. AT-0752-15-0023-I-1, Tabs 1, 8. The appellant could have continued with that appeal, had he wished to do so.

¶12        Accordingly, because the appellant's arguments on review fail to constitute nonfrivolous allegations that his retirement was involuntary, we affirm the dismissal of his appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is

available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

　　If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:　　　　　　　　_____
　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.